**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KRISTOPHER McCROY, a minor, by
and through his mother and next
friend, MARIE McCROY, and MARIE
McCROY, individually,

        Plaintiffs,

        v.

COASTAL MART INC.,

        Defendant-Cross-
        Claimant-Appellant,

and

WILBUR CURTIS COMPANY,

        Defendant-Cross-
        Defendant-Appellee.

No.02-3394

District of Kansas

(D.C. No. 99-1090 MLB)

**ORDER AND JUDGMENT** *

Before **MURPHY** , **HOLLOWAY** , and **McCONNELL** , Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

This appeal involves Appellant Coastal Mart's claim against Appellee Wilbur Curtis for indemnification of litigation expenses stemming from a products liability lawsuit. The facts are largely undisputed. Plaintiff Kristopher McCroy, an eleven year old boy, and his mother, Marie, filed a products liability lawsuit against Coastal Mart and Wilbur Curtis after hot chocolate spilled on Kristopher's lap, while sitting in his car, causing severe burns to the groin and genital area. The hot chocolate was purchased at a Coastal Mart store in Salina, Kansas, and was brewed by a Primo Cappuccino Beverage Dispenser manufactured by Wilbur Curtis.

In its First Amended Answer and Cross-Claim, Coastal Mart demanded indemnification by Wilbur Curtis under two theories. The first was premised on the express language of the indemnity provision in the purchase order contract for the sale of the brewing machine. The second put forth a theory of "a contract of indemnification implied in law." First Amended Answer and Cross-Claim 9, App. 60.

Thereafter, Wilbur Curtis moved for judgment on Coastal Mart's claims of indemnity. In its order of May 9, 2000, the district court first determined that the contract's choice-of-law provision mandated that Texas law be applied to the contract. As to the substantive issues, the court found that Texas courts would

allow Coastal Mart to recover indemnification from Wilbur Curtis, provided that it could make the necessary factual showings demonstrating that it is entitled to indemnity. Specifically the court held:

> Although the two most recent cases deciding indemnification of a retailer against a manufacturer do not involve contractual indemnification (one involves common law indemnification, the other uses the Texas Products Liability Act's statutory indemnification), the cases do offer guidance and support for this decision. In both cases, the retailers were allowed to recover indemnification from the manufacturer. . . . An analogy can be properly made between the reasoning of these cases and Texas contract indemnification law.

Op. 9-10, App. 116-17. The court found, however, that in light of the outstanding factual issues, resolution of the indemnity claims would be premature.

The Amended Pre-trial Order of November 14, 2000, indicated that these two indemnification claims remained squarely before the district court before trial of the underlying lawsuit:

> Defendant Coastal Mart, Inc. has asserted a claim for indemnification against Wilbur Curtis Company for any amount awarded against it and in favor of Plaintiffs, and for its attorney fees and defense costs, under two theories: an express contract of indemnification between the parties and a theory of implied indemnification.

Pre-trial Order 21, App. 165.

The case was tried to a jury pursuant to Kansas law. The jury found damages of $75,000, and distributed the blame amongst the four principals. Marie McCroy was assessed with 50% of the blame, while her son Kristopher was

-3-

assessed with 20%. Wilbur Curtis was assessed 20% at fault and Coastal Mart was assessed with 10% of the blame.

Following trial, both Coastal Mart and Wilbur Curtis filed motions to set aside the jury's verdict. Additionally, Wilbur Curtis renewed its motion for judgment on Coastal Mart's indemnification theories. In response, Coastal Mart filed a motion ("Cross-Claim Motion") which again presented Coastal Mart's claims for indemnification for the damage award and litigation expenses. The filing also alerted the district court to the Texas Supreme Court's then-new decision in *Meritor Automotive, Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86 (Tex. 2001), which interpreted the Texas Products Liability Act, Tex. Civ. Prac. & Rem. Code § 82.002 ("TPLA"), as requiring manufacturers to indemnify innocent sellers for both damage awards and reasonable costs of defense, including attorney's fees. Coastal Mart argued that *Meritor* reenforced its position regarding implied-in-law indemnification under Texas law.

On June 21, 2002, the district court issued an order granting both Coastal Mart's and Wilbur Curtis's Rule 50 motions, rendering the damages-indemnity issue moot. Thereafter, Coastal Mart filed a Supplemental Memorandum in Support of its Indemnification Fees and Expenses ("Supplemental Memo"). This filing did not cite *Meritor* or the TPLA, but based its arguments solely on

-4-

principles derived from interpretation of indemnity provisions pursuant to Texas contract law.  The Supplemental Memo's opening footnote stated:

> Coastal Mart has previously filed a motion for its attorney fees and expenses. . . . Coastal Mart's supporting memorandum [for the Cross-Claim Motion] was not as extensive as it could have been in citing legal authority in support of its claim for indemnification of attorney fees and expenses; hence, this supplemental memorandum.

App. 299.

The district court denied Coastal Mart's motion for indemnification, finding that the express indemnity provision in the purchase order contract failed to meet Texas's requirement that indemnity provisions be "conspicuous," and was thus unenforceable.  Op. 7-8, App. 318-319.  The district court did not analyze Coastal Mart's implied-in-law claim, summarily dismissing this claim in a footnote stating:

> Coastal Mart originally based its indemnity claim upon two distinct theories: (1) An express contract of indemnity between the parties, and (2) A theory of implied indemnity applicable in products liability law.  Coastal Mart has not raised implied indemnity as a basis for its renewed motion for judgment, focusing instead upon the express language of the indemnity agreement.   The court deems Coastal Mart's implied indemnity claim abandoned and limits its analysis accordingly.

Op. 5 n.5, App. 316 (citations to record omitted).

II.

On appeal, Coastal Mart does not contest the district court's reading and application of Texas contract law, which found the express contractual indemnity provision unenforceable. Rather, Coastal Mart argues that the district court erred in not reading the contract "in accordance with the Texas Products Liability Act." Br. 20. Coastal Mart argues that the district court incorrectly deemed the implied-in-law theory abandoned, and thus erred in denying the motion for indemnification. After carefully reviewing the record on appeal, we agree that the implied-in-law claim was not abandoned.

The implied indemnity theory was considered by the district court in its first order, where the court found that reaching a determination on the issue would be premature. The claim was separately identified in the pretrial order. After trial, Coastal Mart's Cross-Claim Motion cited extensively from the Texas Supreme Court's *Meritor* decision, which interpreted the TPLA as requiring manufacturers to indemnify innocent sellers for attorney's fees and litigation expenses. Although the Cross-Claim Motion did not distinguish between the two variants of Coastal Mart's indemnification theories, it clearly advocated the relevance of the TPLA to this action. And while it is true that the Supplemental Memo focused exclusively on arguments relevant to Coastal Mart's contractual claim, its opening footnote stressed the *supplemental* nature of the filing. Considering that the Cross-Claim Motion and the Supplemental Memo cite to

different cases and rely on entirely different legal principles (*See* App. 298-304), we are inclined to interpret the former as forwarding the implied in law claim, and the latter as pressing the contractual claim.

Although the Cross-Claim Motion did not use the implied-in-law terminology, it urged the district court to consider that "an analogy can be properly made between the reasoning of a case deciding indemnification of a retailer against a manufacturer using the Texas Products Liability Act and a case deciding Texas contract indemnification law." Cross-Claim Motion 6, App. 248. This mode of expression undeniably blurred the distinction between Coastal Mart's express contractual claim and its implied-in-law claim, but in substance it continued the same legal arguments that Coastal Mart had pursued throughout the litigation.

Further, Wilbur Curtis was aware of the TPLA-based claims and defended against them. Although Wilbur Curtis did not specifically refer to the TPLA or *Meritor* in its February 9, 2002 filing, responding to Coastal Mart's Cross-Claim Motion, the memorandum did make arguments that were substantively responsive to this claim. See App. 257. Thus, Wilbur Curtis will not be prejudiced by consideration of this claim.

We understand Coastal Mart's implied-in-law claim as resting on Texas contractual indemnity principles, as reflected both in the common law and in the

TPLA. In considering the application of the TPLA, it must be determined whether it applies in a case where the retailer manufactures its own derivative product using equipment purchased from another company, or whether the TPLA applies exclusively to cases where the retailer merely acts as a conduit from the manufacturer to the ultimate consumer. Because the district court did not have an adequate opportunity to consider this and other issues bearing on the implied-in-law claim, and as they were not fully addressed in the parties' briefing before this Court, we remand them to the district court.

We REVERSE the district court's order denying Coastal Mart's motion for indemnification and REMAND to the district court for further proceedings consistent with this opinion.

Entered for the Court,


Michael W. McConnell
Circuit Judge